UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CR-0088-CVE |
| ) | |
| RICHARD DALE MORGAN, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Suppress (Dkt. # 14). Defendant Richard Dale Morgan ("Morgan") argues that the evidence seized by police officers pursuant to the search warrant should be suppressed at trial. For the reasons set forth below, the Court finds that the motion to suppress should be denied and defendant's request for an evidentiary hearing should be denied.

I.

Officer G.T. McClintock ("McClintock") of the Tulsa Police Department sought a search warrant for Morgan's residence. The affidavit for the search warrant contained the following information:

- within the previous 72 hours, McClintock met with a past proven, reliable, confidential informant ("RCI") who informed him that Morgan was distributing cocaine at his residence located at 551 East Tecumseh Street;

- the RCI informed McClintock that, within the previous 72 hours, the RCI was at the residence and saw a quantity of cocaine for sale and additional packages of cocaine packaged for resale;

- McClintock observed short-term vehicular and pedestrian traffic coming and going from 551 East Tecumseh Street, which was consistent with drug activity;

- the RCI has provided information related to controlled substance law violators more than six times, all of which were confirmed to be true;

- the RCI has never offered information regarding sales and distribution of controlled substances that has not been substantiated or corroborated;

- McClintock had extensive training and experience in drug recognition and drug distribution means and methods.

Dkt. # 15-2.

Based on this affidavit, the state court judge issued a search warrant to search 551 East Tecumseh Street. During the search, Tulsa Police officers found a firearm which is the subject of the Indictment (Dkt. # 2).

**II.**

The Fourth Amendment requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U. S. Const. amend. IV. A judge issuing a search warrant is "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Soussi, 29 F.3d 565, 568 (10th Cir. 1994) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). The issuing judge "may draw reasonable inferences from the material provided in the warrant application." United States v. Nolan, 199 F.3d 1180, 1183 (10th Cir. 1999) (quoting United States v. Rowland, 145 F.3d 1194, 1205 (10th Cir. 1998)). A reviewing

court is to give great deference to a magistrate's determination of probable cause and should uphold that conclusion if "the totality of the information contained in the affidavit provides a substantial basis for finding there was a fair probability that evidence of criminal activity would be found. . . ." Soussi, 29 F.3d at 569 (quoting United States v. Hager, 969 F.2d 883, 887 (10th Cir. 1992), abrogated on other grounds by Bailey v. United States, 516 U.S. 137 (1995)).

"[P]robable cause requires a nexus between the place to be searched and the items seized." Nolan, 199 F.3d at 1183 (citation omitted). To establish the required nexus, the affidavit supporting the search warrant need not contain direct evidence or personal knowledge that the items sought are located at the place to be searched. Id. at 1183. Where an affidavit describes circumstances which would warrant a person of reasonable caution to believe that the articles sought would be at the residence, then a sufficient nexus has been established. United States v. Rahn, 511 F.2d 290, 293 (10th Cir. 1975).

Here, defendant argues that the warrant was not supported by probable cause showing a sufficient nexus between the residence searched and any unlawful activity. However, the affidavit specifically states that the RCI observed the sale of narcotics at 551 East Tecumseh Street. Further, the officer observed short-term traffic consistent with narcotics activity at that residence. Contrary to defendant's argument, to establish the requisite nexus, the affidavit need not state precisely where in the house the narcotics are located.

To the extent that defendant argues that probable cause was lacking because the search warrant failed to establish the reliability of the informant, the Court also rejects that argument. "In determining the value of an informant's report in establishing probable cause, the magistrate should assess the informant's veracity or reliability and basis of knowledge in light of the totality of the

circumstances." United States v. Corral, 970 F.2d 719, 727 (10th Cir. 1992) (citations omitted). "[T]here is no need for a declaration of the reliability of an informant when the informant's information is corroborated by other information." United States v. Sturmoski, 971 F.2d 452, 457 (10th Cir. 1992); see also United States v. Harris, 403 U.S. 573, 581 (1971); United States v. Le, 173 F.3d 1258, 1266 (10th Cir. 1999). Here, the affidavit sets forth the RCI's reliability, and the officer corroborated the RCI's information by observing short-term traffic at the residence. Thus, the Court finds that the issuing judge had probable cause to issue the search warrant.

### III.

Even if probable cause did not exist for issuance of the warrant, exclusion of evidence in this case is not appropriate because the officers acted in good faith in executing the warrant. See generally United States v. Leon, 468 U.S. 897 (1984). In Leon, the Supreme Court held that when police officers act in good faith and reasonably relied on a search warrant, the evidence obtained during the search should not be suppressed even if the warrant was lacking in probable cause. See Leon, 468 U.S. at 913; United States v. McKneely, 6 F.3d 1447, 1453 (10th Cir. 1993). There is a presumption that when an officer acts upon a search warrant, the officer is acting in good faith. See McKneely, 6 F.3d at 1454. Defendant has offered no information to overcome this presumption. Thus, the Court finds that the officer acted in good faith in executing the warrant.

### IV.

Defendant requests an evidentiary hearing to "develop record facts." Dkt. # 14. However, the Court finds that an evidentiary hearing is not necessary. Defendant challenges the sufficiency of the affidavit only. Whether the affidavit sets forth sufficient information to establish probable cause can be determined from the face of the affidavit. Likewise, whether the affidavit provides

sufficient information with respect to the RCI can be determined from the face of the affidavit. Defendant does not allege that the statements in the affidavit are false or were made in reckless disregard for the truth. Thus, defendant is not entitled to an evidentiary hearing. See <u>Franks v. Delaware</u>, 438 U.S. 154, 171-72 (1978) (to mandate an evidentiary hearing challenging an affidavit supporting a search warrant, there must be allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Suppress (Dkt. # 14) is hereby **denied**; defendant's request for an evidentiary hearing is **denied**. The pretrial in this case remains set for June 26, 2007 at 10:30 a.m.

**DATED** this 21st day of June, 2007.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE